# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MELISSA BURIC,

Plaintiff,

-vs-                                             Case No.  6:11-cv-1654-Orl-19DAB

SCHNEIDER NATIONAL CARRIERS, INC.
and BOBBY R. ROUSE,

Defendant.
_____

## ORDER OF REMAND

This case comes before the Court on the following:

1.    Notice of Removal of Cause by Schneider National Carriers, Inc. (Doc. No. 1, filed Oct. 13, 2011);

2.    Motion to Remand to State Court by Melissa Buric (Doc. No. 6, filed Oct. 18, 2011); and

3.    Memorandum of Law in Opposition to Plaintiff's Motion to Remand by Schneider National Carriers, Inc. (Doc. No. 9, filed Oct. 28, 2011.)

### Background

On August 9, 2011, Melissa Buric ("Plaintiff") filed the present action against Schneider National Carriers, Inc. ("Defendant") and Bobby R. Rouse ("Rouse") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida seeking damages in excess of $15,000.  (Doc. No. 2, filed Oct. 13, 2011.)  In the Complaint, Plaintiff contends that on August 26, 2008, Rouse negligently operated a motor vehicle owned by Defendant, causing it to strike the vehicle Plaintiff was driving, resulting in

injuries to Plaintiff.  (*Id.* ¶¶ 4, 5.)  The Complaint also alleges that Defendant is vicariously liable for the actions of Rouse under Florida's dangerous instrumentality doctrine.  (*Id.* ¶ 7.)

Defendant timely removed the case to the Middle District of Florida on grounds of diversity jurisdiction.  (Doc. No. 1, filed Oct. 13, 2011.)  Plaintiff moves to remand the case to state court, claiming that the Defendant failed to establish an amount in controversy exceeding $75,000 and diversity of citizenship.  (Doc. No. 6 at 4, 5.)  In response, Defendant maintains that the nature of the alleged injuries and the communications between Plaintiff's and Defendant's counsel establish an amount in controversy in excess of $75,000.  (Doc. No. 9 at 2, 3.)  Defendant also maintains that diversity of citizenship has been established among the parties.  (*Id.* at 4.)

## Standard of Review

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446.  Once the case is removed, the plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c).  The plaintiff may also move to remand by challenging "the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal.  *See Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) (construing § 1447(c)) (emphasis in original).  In either case, the defendant bears the burden of proving proper federal jurisdiction and must prove the jurisdictional amount by a preponderance of the evidence.  *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002). Conclusory allegations that the jurisdictional amount is satisfied, without establishing the underlying facts supporting such assertions, are insufficient.  *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319-20 (11th Cir. 2001).  All uncertainties concerning removal jurisdiction are resolved in favor of remand.  *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001).

When considering a timely motion to remand for improper removal, the court may only look to a "limited universe of evidence available . . . i.e., the notice of removal and accompanying documents."[1] *Lowery,* 483 F.3d at 1214; *see also Williams,* 269 F.3d at 1319.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."[2] *Lowery,* 483 F.3d at 1214-15.  In summary, "'the jurisdictional facts that support removal must be judged *at the time of the removal*, and any post-petition affidavits are allowable only if relevant to that period of time.'"  *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis added).

## Analysis

A removing defendant bears the burden of proving proper federal jurisdiction.  *Williams,* 269 F.3d at 1319-20.  In order to meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332, the removing defendant must establish, by a preponderance of the evidence, complete diversity of citizenship and an amount in controversy in excess of $75,000.  *Leonard,* 279 F.3d at 972.  Plaintiff contends that the

---

[1]  Although the *Lowery* court stated that the court is permitted to consider the evidence available *"when the motion to remand is filed,"* it specified that such evidence is the notice of removal and accompanying documents.  483 F.3d at 1214 (emphasis added).  When applying the standard to the facts in the case, the court in *Lowery* recognized that, because the jurisdiction was challenged within thirty days of removal, it was required to limit its consideration to "the pleadings or 'other paper' included with the notice of removal."  *Id.* at 1218.

[2]  This holding was expressly limited to diversity cases.  *Lowery*, 483 F.3d at 1215 n.71.  Additionally, if subject matter jurisdiction is challenged after the thirty-day period for challenging removal has lapsed, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction."  *Id.* at 1213 n.64.  This is because in such a situation, "the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all."  *Id.* (citations omitted) (emphasis in original).

parties are not diverse and the amount in controversy does not exceed $75,000.  (Doc. No. 6 at 3, 4.) Additionally, Plaintiff seeks to recover costs and attorney's fees from Defendant resulting from the removal.  (*Id.* at 5.)

## I. Complete Diversity Among the Parties

To establish diversity jurisdiction, the removing defendant "bears the burden of establishing the citizenship of the parties."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004).  Moreover, complete diversity among the parties must exist.  28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1085 (11th Cir. 2010).  Complete diversity of citizenship exists when all the plaintiffs in the controversy are citizens of states that are different than the states of citizenship of all the defendants at the time the complaint is filed.  *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1542 (11th Cir. 1993.)  Further, a diversity action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."  28 U.S.C. § 1441(b).   A person's citizenship or domicile is "'the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'"  *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal citations and quotations omitted).  A corporation is considered a citizen of the state in which its principal place of business is located and any state in which it is incorporated.  28 U.S.C. § 1332(c)(1).

In her complaint, Plaintiff does not allege citizenship for herself, Defendant, or Rouse.  (Doc. No. 2.)  In its Notice of Removal, Defendant alleges it "was a corporation with its principal place of business in Green Bay, Brown County, Wisconsin at all times material to this cause of action."  (Doc. No. 1 ¶ 5.) With regard to Rouse, Defendant asserts the following:

> Upon all information and belief, Defendant Bobby Rouse is and was domiciled in Fletcher, Henderson County, North Carolina at all times material to this cause of action, including but not limited to the time of the subject incident, the time of the filing of the Plaintiff's Complaint and the time of the filing of Defendant's Notice of Removal of Cause.

(Doc. No. 1 ¶ 6.)   While an averment of an individual's domicile sufficiently establishes citizenship, allegations of citizenship based solely upon the defendant's "information and belief" are insufficient. *McCormick,* 293 F.3d at 1257; *Conly v. Nat'l Union Fire Ins. Co.,* Case 08-7708 PA, 2008 WL 5095905, at *2(C.D. Cal. Dec. 01, 2008).   Removability is to be determined through examining the four corners of the relevant pleadings and not through "subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005).

In its Memorandum in Support of the Notice of Removal, Defendant asserts the following concerning Rouse's citizenship:[3]

> The last remaining party to this suit, Defendant Bobby Rouse, is, and has at all material times to this litigation, been a *resident* of Fletcher, Henderson County, North Carolina.

(Doc. No. 1-3) (emphasis added).   This assertion is also insufficient.   "'Citizenship, *not residence*, is the key fact that must be alleged . . . to establish diversity for a natural person.'" *Azzo v. Jetro Rest. Depot, LLC,* Case 3:11-cv-324-J-34JRK, 2011 WL 1357557, at *2 (M.D. Fla. Apr. 11, 2011) (emphasis added) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)).

In Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand, Defendant attached an unverified accident report from the incident giving rise to this litigation which notes Rouse's address

---

[3] In the Motion to Remand, Plaintiff notes that Rouse did not consent to Defendant's removal of the case.   (Doc. No. 6 at 2.)   However, Plaintiff does not contend that Rouse was served with state court process as of the date of removal, and the record does not reflect that Rouse is a served defendant.   Therefore, Rouse was not required to be joined in the Notice of Removal. *Leonard v. Kern,* 651 F. Supp. 263, 264-65 (S.D. Fla. 1986).

at the time was in Fletcher, North Carolina. (Doc. No. 9-3.) However, the 2008 accident report cannot establish Rouse's citizenship for an action filed in 2011 when diversity of citizenship is to be determined at the time the lawsuit is commenced. *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005). As Defendant has only provided unsupported and insufficient assertions, Defendant has failed to establish Rouse's citizenship.

>With respect to Plaintiff's citizenship, in the Notice of Removal, Defendant asserts the following:

>Defendants aver that all available information lead to the conclusion that Plaintiff was domiciled in Orlando, Orange County, Florida at the time of the subject incident but had relocated to California by the time of the filing of Plaintiff's Complaint and the time of the filing of Defendant's Notice of Removal of Cause.

(Doc. No. 1 ¶ 4.) This assertion fails to establish that Plaintiff is a citizen in either Florida or California. In particular, Plaintiff's citizenship at the time of the incident is irrelevant because citizenship is determined at the time the action is filed and not at the time of the accident. *MacGinnitie,* 420 F.3d at 1239. Moreover, the allegations do not establish Plaintiff is a citizen of California because contentions of relocation do not establish that California is Plaintiff's "true, fixed, and permanent home." *McCormick,* 293 F.3d at 1257-58. This assertion is also based on "all available information" which is insufficient to establish citizenship. *Conly,* 2008 WL 5095905, at *2.

In Defendant's Memorandum in support of the Notice of Removal, Defendant alleges "upon all available information and belief, Plaintiff is a resident of the State of California." (Doc. No. 1 Ex. 3.) As previously discussed, allegations which are unsupported and only based on "information and belief" are insufficient to establish a party's citizenship. *Conly,* 2008 WL 5095905, at *2. Additionally, Defendant only asserts Plaintiff's residence and not place of citizenship. *Azzo, LLC,* 2011 WL 135755, at *2. Defendant has not sufficiently demonstrated Plaintiff's citizenship. Accordingly Defendant has failed to meet the burden of establishing diversity of citizenship among the parties.

## II. Amount in Controversy

Plaintiff argues that the case should be remanded because Defendant has failed to meet its burden to establish the amount in controversy exceeded $75,000 at the time of removal. (Doc. No. 6 at 4.) A review of the Complaint, the Notice of Removal, and Defendant's submission of an incomplete and unauthenticated document suggests that Plaintiff's argument is correct. *Lowery,* 483 F.3d 1184, 1215 (11th Cir. 2007) (noting "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars"); *Sibilia,* 674 F. Supp. 2d at 1292 (granting the plaintiff's motion to remand because defendant relied on "mere speculation based on the . . . severity of Plaintiff's injuries" as alleged in the Complaint). However, because the Court finds that Defendant failed to establish complete diversity of citizenship among the parties, it need not resolve this issue.

## III. Payment of Costs and Attorney's Fees

Plaintiff requests that the Court order Defendant to pay the costs and expenses resulting from the removal. (Doc. No. 6 at 5.) An order that remands a case "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs under section 1447 is within the Court's sole discretion. *Tran v. Waste Mgmt., Inc.,* 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003). A showing of bad faith is not necessary as a predicate to the award of attorney's fees. *Id.* "'[T]he intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking *improper removals.*'" *Id.* (quoting *Butterworth v. Chances Casino Cruises, Inc.,* 1997 WL 1068628, at *4 (M.D. Fla. July 14, 1997)) (emphasis in original). The Court may decline to award fees if there is a reasonably objective basis for removal. *See, e.g., Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (declining to award fees where authority was split and defendant

acted reasonably based on available information in pursuing removal).  In determining whether to award fees, the Court should try to balance the goal of deterring removals sought for prolonging litigation and imposing costs with the defendant's statutory right of removal.  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005).

Courts will generally award attorney's fees when the defendant's removal from state court is patently improper.  *Tran,* 290 F. Supp. 2d at 1295-96; *Rae v. Perry,* 392 Fed. App'x 753, 755 (11th Cir. 2010).  For example, the court in *Rae* determined the district court did not abuse its discretion by awarding attorney's fees on remand because the removing party lacked a reasonable basis for believing the amount in controversy exceeded $75,000 when the complaint indicated the plaintiff only sought $20,000 and the defendant failed to offer evidence that proved otherwise.  *Rae,* 392 Fed. App'x at 755-56.  In the present case, Defendant's removal was not patently improper.  Defendant's grounds for removal are based on an alleged conversation between the parties' attorneys which indicated medical expenses could potentially exceed $241,000, allegations in the Complaint, and a subsequently received e-mail.  (Doc. No. 9 at 2.) Furthermore, Defendant's allegations of each parties' citizenship does not appear to be frivolous, groundless, or made in bad faith.  Because Defendant's basis for removal is objectively reasonable, the Court declines to award attorney's fees and actual expenses to Plaintiff.

### Conclusion

Based on the foregoing:

1. The Court **DENIES** Plaintiff's request for attorney's fees.  (Doc. No. 6.;)

2.  The Court **GRANTS** Plaintiff's Motion to Remand filed at Docket Number 6, and this case shall be remanded to the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida; and

3.   The Clerk shall close this file.


Done and Ordered in Chambers in Orlando, Florida this 2nd day of December, 2011.


PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT


Copies furnished to:

Counsel of Record

Unrepresented Parties